E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2686
    Facsimile: (213) 894-0142
    E-mail: James.Dochterman@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$715,830.00 IN U.S. CURRENCY AND $120,000.00 IN U.S. CURRENCY,<br><br>    Defendants. | Case No. 2:24-CV-02371<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[DEA] |

    Plaintiff United States of America ("the government") brings this claim against the defendants $715,830.00 In U.S. Currency and $120,00.00 In U.S. Currency (collectively, the "defendant currency"), and alleges as follows:

## JURISDICTION AND VENUE

1. The government brings this *in rem* forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant currency consists of $715,830.00 seized at a Northridge, California residence occupied by Maxim Vedenschi, and $120,000.00 seized on Reseda Blvd north of Lassen St. in Northridge, California, from a vehicle driven by Maxim Vedenschi and registered to Maxim Vedenschi and Marina Vedensky.

6. The defendant currency is in the custody of the United States Marshals Service in this district, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Maxim Vedenschi ("Vedenschi"), Marina Vedensky (aka Marina Vedenschi), and Adriana Jones may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

**Background**

8. Beginning in early 2021 and continuing through October 2023, Drug Enforcement Administration ("DEA") Special Agents and Task Force Officers from local police departments assigned to the Southwest Border Initiative Group 2 ("SWBI-2") (collectively, the "investigators," "agents," or "officers") conducted an investigation into drug trafficking and money laundering organizations operating in this district.

9. In the course of their investigation, officers learned that the Martinez-Reyes drug trafficking organization (the "Martinez-Reyes DTO") distributed narcotics, and that drug money couriers associated with the Martinez-Reyes DTO delivered narcotics

2

proceeds to other parties for the purpose of laundering the narcotics proceeds.

10. On or about June 21, 2021, investigators obtained a federal search warrant permitting them to install and monitor a tracking device attached to a 2007 Honda Odyssey bearing California license plate #6TAR990, and belonging to a drug money courier.

11. In October 2023, the U.S. Attorney's Office for the Central District of California filed a ten-count Indictment charging fourteen members of the Martinez-Reyes DTO under case no. 2:23-cr-00524-SVW. The Indictment charges defendants with, among other things, Conspiracy to Aid and Abet the Distribution of Cocaine and Methamphetamine, Possession with Intent to Distribute Cocaine and Methamphetamine, Conspiracy to Launder Monetary Instruments, and Conspiracy to Operate an Unlicensed Money Transmitting Business.

12. The Indictment describes how the Martinez-Reyes DTO delivered drug proceeds to a money laundering organization that used Trade-Based Money Laundering as a system of informal value transfer that exploited legitimate businesses and trade systems to launder the proceeds of illegal activity.

13. Among the criminal defendants is Martinez-Reyes DTO member Raul Contreras ("Contreras"). Contreras is charged with violating 21 U.S.C. § 846, among other things, and serving Sinaloa Cartel associates by assisting them in concealing drug trafficking proceeds and making said proceeds accessible to cartel owners outside the United States.

14. The Indictment further describes how investigators surveilled Contreras as he repeatedly delivered drug money to individuals specified by the Sinaloa Cartel, or would make other arrangements to launder drug money.

15. Concurrent to the SWBI-2 investigation that identified Contreras, in early 2021, Special Agents, Task Force Officers, and other parties working with DEA's Los Angeles Field Division High Intensity Drug Trafficking Area Group 48 (collectively, "HIDTA") were engaged in a separate investigation into an international narcotics

proceeds money laundering organization operating in this district (the "Foreign MLO").

16. On or about July 19, 2021, HIDTA contacted a Foreign MLO member who used phone number (323) 667-7467, and recorded a conversation where the Foreign MLO member told HIDTA "you delivering something or pick up?" HIDTA replied, "I'm delivering," to which the Foreign MLO member replied "250?" and then "… I have different types of deliveries, you know, you're the guy with 250, yeah?" The Foreign MLO member then said, "you better come to my house because we have a counting machine here, ya' know, and we count here, all the deliveries we count at my garage, normal practice."

17. The next day, the Foreign MLO member sent two text messages from phone number (323) 667-7467 to HIDTA with the full street address of his residence in Northridge, California. The Foreign MLO member also sent a text message to HIDTA stating, "This is the correct address, we need to count, i have counting machine here" and "Let me know your arrival time."

18. Although phone number (323) 667-7467 was issued by T-Mobile USA, and was subscribed to "Victor Egorov" located in Saint Michael, Minnesota, HIDTA learned that the phone number was actually used by Vedenschi, who resides in Northridge, California[1] at the same address he twice sent to HIDTA when arranging a drug money delivery, and that Vedenschi was the Foreign MLO member who previously conversed with HIDTA to arrange a drug money delivery.

19. In August 2021, officers conducting surveillance of Vedenschi's Northridge, California residence saw a Mercedes Benz vehicle with the California license plate #8UDH129 parked at his residence.

**Seizure of Defendant $120,000.00 In U.S. Currency**

20. On September 17, 2021, SWBI-2 officers conducted surveillance of Contreras as he drove a 2007 Honda Odyssey van with California license plate

---

[1] Pursuant to Local Rule 5.2-1, only the city and state of personal residences are set forth in this Complaint.

#6TAR990, the same vehicle on which investigators had earlier installed a tracking device pursuant to a federal warrant.  Officers followed Contreras' van to a parking lot located at 18555 Devonshire St., in Northridge, California, where they saw Contreras driving in circles around the parking lot before backing into a parking space.

21. Once Contreras parked, officers saw a Mercedes Benz vehicle with the California license plate #8UDH129 park next to Contreras' vehicle.  Based on their prior surveillance of Vedenschi's residence, officers recognized Vedenschi as the driver of the Mercedes Benz and a subject of the HIDTA narcotics investigation.

22. Officers then saw Contreras carry a weighted plastic bag to Vedenschi's vehicle, and hand the bag to Vedenschi through his vehicle's driver-side window.  Contreras returned to his Honda Odyssey empty-handed.

23. Officers followed Vedenschi as he drove away from the drug money exchange, and watched Vedenschi conduct a series of counter-surveillance maneuvers common among drug money couriers.  In the course of his counter-surveillance maneuvers, Vedenschi violated California Vehicle Codes 21658 and 26708, leading officers to conduct a traffic stop.

24. During the traffic stop officers asked Vedenschi whether there was anything illegal in his vehicle, and he replied "no."  Officers also asked Vedenschi for his consent to search the vehicle, and Vedenschi verbally consented to the vehicle search.  During this encounter officers spoke to Vedenschi in English, and Vedenschi responded in English.

25. Officers then used a Culver City Police Department sophisticated narcotics-detecting canine named "Storm" to conduct a sniff around the vehicle.  In the course of the search, Storm positively alerted to the vehicle near the passenger rear door.

26. When officers opened the vehicle's rear passenger-side door they saw that an open plastic bag containing rubber-banded bundles of bulk U.S. currency was placed in a child's safety seat.  The open plastic bag matched the plastic bag Contreras earlier gave to Vedenschi in the parking lot at 18555 Devonshire St., in Northridge, California.

27. When conducting a sniff search of the vehicle interior, Storm positively alerted to the plastic bag containing rubber-banded bundles of bulk U.S. currency, further demonstrating that the U.S. currency contained therein represented proceeds of drug sales.

28. Based on their ongoing surveillance where officers witnessed Martinez-Reyes MLO drug money courier Contreras deliver bulk drug money to Vedenschi, and Vedenschi take possession of the bulk drug money bundled in a manner common to drug traffickers, and to which the sophisticated narcotics-detecting canine "Storm" subsequently alerted, officers seized the $120,000.00 in drug proceeds.

**Seizure of Defendant $715,830.00 In U.S. Currency from Vedenschi's residence**

29. In the course of the vehicle search officers asked Vedenschi for permission to search his residence. Vedenschi consented and signed a City of Fullerton Police Department "Permission to Search" form.

30. After signing the search consent form, Vedenschi told officers that his wife, Marina Vedensky, ran a day care center in the Northridge residence. Because children would be present at the residence, officers drove with Vedenschi to the residence and allowed him to explain to Mrs. Vedensky that it was necessary to move the children into the residence's backyard before officers searched the residence.

31. While standing at the residence front door with officers, Vedenschi offered to open the garage, then entered his personal code into a keypad near the residential front door and caused the garage door to open, revealing a large safe plainly visible inside.

32. Officers then searched the garage and again deployed the sophisticated narcotics-detecting canine Storm. Storm positively alerted to the safe, demonstrating that narcotics or property in recent contact with narcotics were inside the safe.

33. Vedenschi provided the safe combination to officers, who opened the safe and found therein bulk rubber-banded bundles of U.S. currency, many in large bricks comprised of $100 U.S. dollar bills, totaling $715,830.00.

34. Officers had Storm conduct another search of the bulk currency and Storm

1  again positively alerted, demonstrating that the $715,830.00 in bulk rubber-banded
2  bundles of U.S. currency found in the safe represented narcotics proceeds.

3        35.    Officers also found a money counter machine inside the garage in proximity
4  to the large safe and $715,830.00 in drug proceeds.

5        36.    Investigators later determined that Marina Vedensky holds California
6  Department of Social Services license #197493337 under the name "Vedensky Family
7  Child Care." Investigators also found that Vedenschi and Marina Vedensky operate a
8  daycare center titled "M&M Family Child Care" (alternatively identified on the website
9  http://mmchildcare.com/ and other sources as "Улибка" (pronounced "Ulibka" and
10 translated as "Smile" in English), or "Russian Daycare Smile") at the Vedenschi
11 residence, and that children were present at the same home where Vedenschi stored bulk
12 drug proceeds.

13       37.    According to public sources, "M&M Family Child Care" uses the phone
14 number (323) 667-6715. In the course of their investigation HIDTA learned that (323)
15 667-6715 is issued by T-Mobile USA and subscribed to "Victor Egorov" in Saint
16 Michael, Minnesota – the same person to whom Vedenschi's phone number (323) 667-
17 7467 is subscribed and from which Vedenschi contacted HIDTA to arrange a drug
18 money delivery.

19       38.    Based on the DEA investigations where Vedenschi arranged to accept
20 delivery of drug proceeds, and where Vedenschi later actually took possession of drug
21 proceeds from the known drug money courier Contreras, and was found at his residence
22 to have a safe containing bundled bulk U.S. currency to which a sophisticated narcotics-
23 detecting canine positively alerted in the presence of a money counter machine, and the
24 onsite presence of a small business of the type used in trade-based money laundering
25 schemes, investigators seized the $715,830.00 as narcotics proceeds.

## CLAIM FOR RELIEF

27       39.    Based on the above, plaintiff alleges that the defendant currency represents
28 or is traceable to proceeds of illegal narcotic trafficking, or was intended to be used in

one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 *et seq*. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: March 25, 2024

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

  */s/ James E. Dochterman*
JAMES E. DOCHTERMAN
Assistant United States Attorney
Asset Forfeiture & Recovery Section

# VERIFICATION

I, Jeremy Pearson, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and the case agent for the forfeiture matter entitled *United States of America v. $715,830.00 In U.S. Currency and $120,000.00 In U.S. Currency*.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 25, 2024, in El Segundo, California.

_____
Jeremy Pearson
Special Agent
Drug Enforcement Administration

9